In re SATTLERS, INC., Debtor.

Dorothy EISENBERG, Trustee of the Estate in Sattlers, Inc., Plaintiff,

v.

The BANK OF NEW YORK, Defendant.

Bankruptcy No. 82 B 10157 (TLB).
Adv. No. 84–6177A.

United States Bankruptcy Court, S.D. New York.

Jan. 12, 1988.

**230**

Shaw, Goldman, Licitra, Levine & Weinberg, P.C. by Julian Kaplan, Garden City, N.Y., for trustee.

Emmet, Marvin & Martin by Edward P. Zujkowski, New York City, for Bank of New York.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

TINA L. BROZMAN, Bankruptcy Judge.

At issue is the sufficiency of an amended complaint ("Amended Complaint") filed by Dorothy Eisenberg, the Chapter 7 trustee of Sattlers, Inc. ("Sattlers"), against the Bank of New York ("BONY"). The Amended Complaint was filed in response to this court's opinion and order of May 1, 1987 (the "First Opinion"), familiarity with which is assumed. *Eisenberg v. The Bank of New York (In re Sattlers, Inc.)*, 73 B.R. 780 (Bankr.S.D.N.Y.1987). BONY'S motion is predicated upon the claimed failure of the Amended Complaint to satisfy the standards articulated in the First Opinion, to adequately plead an "enterprise" under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and to timely plead claims for the unauthorized post-petition transfers of estate assets. With respect to the statute of limitations defense, the Trustee concedes that so much of her seventh claim for relief as seeks to recover $196,000 in unauthorized post-petition transfers during the month of August 1982 is time-barred.

### I.

The Amended Complaint restates all of the allegations of the proposed amended complaint which was the subject of the First Opinion. Those facts, which we presume to be true, will not be repeated here. In addition, the Amended Complaint alleges, in sum and substance, that BONY knowingly participated in a scheme to create the transactions described in the proposed amended complaint for the purpose of concealing from creditors those unauthorized transfers, that BONY did so with knowledge of Sattlers' then pending Chapter 11 case, and that BONY knowingly and with actual intent concealed from this court, the Trustee and Sattlers' creditors BONY'S receipt and acceptance of funds in satisfaction of outstanding debts owed to BONY by Sattlers, which funds otherwise would have been available to Sattlers' creditors. It is further alleged that the scheme was carried out through the use of interstate bank wires and the interstate mails (the bank statements having been mailed with the intent to conceal the improper and unauthorized transfers).

Further, the Amended Complaint alleges that BONY falsely and knowingly represented to the Trustee, the court and Sattlers' creditors that the payments to BONY had been made by non-debtor entities. BONY allegedly concealed the post-petition transfers to enable it to make the misrepresentations as to the source of the payments, misrepresentations upon which the creditors relied. The Amended Complaint asserts seven claims for relief—three RICO claims charging BONY with bankruptcy, wire and mail fraud and conspiracy; one claim for fraud and deceit; one claim for conversion; one claim for punitive damages and one claim for unauthorized post-petition transfers. BONY moves to dismiss all claims other than those for conversion and punitive damages, the latter two which we addressed in the First Opinion.

### II.

The purpose of a motion to dismiss for failure to state a claim, *see* Fed.R.Civ.P.

12(b)(6), made applicable to bankruptcy by virtue of Fed.R.Bankr.P. 7012(b), is to test the legal sufficiency rather than the factual basis of the claim for relief. *Oneida Indian Nation v. New York,* 520 F.Supp. 1278, 1308 (N.D.N.Y.1981), *aff'd in part, rev'd in part on other grounds,* 691 F.2d 1070 (2d Cir.1982). We must therefore determine not whether the Trustee is likely to prevail, but whether she is entitled to offer evidence in support of her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). We are to treat as true the factual allegations of the complaint and may "dismiss only if 'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Furman v. Cirrito,* 828 F.2d 898, 904 (2d Cir.1987) (Pratt, J., dissenting) quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Reviewing the Amended Complaint against these standards, we find that the first, second, third, and fourth claims for relief, the RICO and fraud claims, must be dismissed but that the post-petition transfer claim, the seventh (other than for the August 1982 transfers), will withstand the motion to dismiss. Because repleading cannot cure the flaw in the RICO claims, we deny leave to replead those claims but grant leave to replead the fraud claim.

### A. *The RICO Claims*

The elements required to plead a RICO claim under 18 U.S.C. § 1962(c) are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). In light of recent decisions by the Second Circuit Court of Appeals, issued subsequent to First Opinion, we conclude that the Amended Complaint fails to adequately allege the necessary elements of an "enterprise." [1]

An enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct" and is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). As we observed in the First Opinion, in this circuit, to meet the requirements of a RICO enterprise, the plaintiff must plead and prove a continuing operation and that the predicate acts are related to the common purpose of that operation. *United States v. Ianniello,* 808 F.2d 184, 191 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 3230, 97 L.Ed.2d 736 (1987).

Reading as broadly as possible the allegations of the Amended Complaint, the common purpose of the alleged enterprise was to defraud Sattlers and its creditors by secretly and without this court's approval utilizing estate funds to pay down or possibly eliminate BONY'S indebtedness, thereby reducing or eliminating the liability of Sattlers' principals on their guarantees of the debt. The alleged enterprise had but one straightforward, short-lived goal. With the last of the allegedly unauthorized transfers, the enterprise necessarily came to an end. There is nothing in the Amended Complaint which indicates a threat of continuing criminal activity beyond this terminating goal. Accordingly, the organization alleged by the Trustee is not sufficiently continuing to constitute a RICO "enterprise." *See Albany Insurance Company v. Esses,* 831 F.2d 41, 44 (2d Cir.1987); *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 51–52 (2d Cir. 1987) *petition for cert. filed,* October 13, 1987; *Ross v. Warthen,* 84 Civ. 4009, slip op. (S.D.N.Y. July 8, 1987) [Available on WESTLAW, 1987 WL 13735] (available on Lexis).[2] Having concluded that no enter-

---

**1.** In ruling on plaintiff's request to file an amended pleading, we had determined in the First Opinion that an enterprise had been adequately pleaded in the proposed complaint. The recent decisions of the court of appeals,

discussed below, require us to reconsider on this motion to dismiss.

**2.** Although organizations of finite life have been held by our Circuit Court to be an enterprise, *see United States v. Mazzei,* 700 F.2d 85, 89 (2d Cir.), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2124,

prise was pleaded, we need not reach the other arguments concerning the alleged deficiencies of the RICO claims.

### B. *The Fraud Claim*

■ Turning to the revamped fraud claim, the allegations contained in the Amended Complaint do not completely satisfy the deficiencies noted in the First Opinion. Although a misrepresentation to the Trustee, the court and the creditors is identified in paragraph 77, the Amended Complaint fails to set forth with particularity when, where, by whom and to whom each such statement was made, the manner in which the misrepresentations misled the Trustee and the creditors and in what manner the Trustee and the creditors relied upon and were damaged by the misrepresentations, as opposed to by the alleged transfers.[3]

### C. *Post-petition Transfers*

■ The Amended Complaint alleges that BONY knowingly received and benefitted from $286,000 of Sattlers' monies without proper court authorization after the filing of the bankruptcy. This is sufficient to sustain the claim for pleading purposes under 11 U.S.C. § 549. Whether BONY was a mere conduit, as it claims, with respect to the monies and whether it received the monies in good faith are factual issues to be resolved after a trial.

BONY'S final attack on this claim is predicated upon the statute of limitations contained in 11 U.S.C. § 549(d). Given the Trustee's concession that recovery of the two August 1982 transfers is time-barred (see the affidavit of Julian Kaplan, sworn to December 21, 1987, at paragraph 25) and given that BONY has retreated from its original assertion that recovery of all of the transfers is time-barred (see BONY'S Reply Memorandum of Law at page 11), it would appear that no dispute exists.

### III.

Rule 15(a) of the Federal Rules of Civil Procedure provides that permission to amend a pleading "shall be freely given where justice so requires." Nonetheless, the court may deny leave to replead if the proposed amendments would be futile. *Albany Insurance Company v. Esses, supra,* 831 F.2d at 45. Nowhere does the Trustee even hint that if we find no enterprise to have been alleged because of the nature and duration of the common purpose that she can cure the defect. It certainly appears that she cannot. Accordingly, the dismissal of the RICO claims is with prejudice and without leave to replead.[4] Any amended pleading is to be served and filed within 20 days of the date of this order.

IT IS SO ORDERED.

---

77 L.Ed.2d 1304 (1983) (persons associated to fix college basketball games for one season); *United States v. Errico,* 635 F.2d 152 (2d Cir.), *cert. denied,* 453 U.S. 911, 101 S.Ct 3142, 69 L.Ed.2d 994 (1981) (persons joined to fix horse races for less than 8 months), in those instances, the criminal activities were widespread. The enterprises did not have, as here, the short-lived goal of simply defrauding a single victim. Moreover, in neither of those cases did the Circuit Court appear to have before it the issue of the duration of the alleged enterprise.

3. See the First Opinion, 73 B.R. at 789. Paragraph 84 alleges that the diversion of Sattlers' funds reduced its "ongoing concern value." It would appear that the Trustee is claiming damage as a result of the transfers which occurred before her appointment, not as a result of any misrepresentations made to her.

4. Because all of the alleged transfers of estate assets occurred during the pendency of the Chapter 11 case, and without the imprimatur of this court, this adversary proceeding is clearly core under 28 U.S.C. § 157(b)(2)(A) and (O). *See Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.,)* 815 F.2d 165 (1st Cir.1987). Thus, we have the power to issue an order dismissing claims with prejudice, as the defendant requests.